

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

J&J SPORTS PRODUCTIONS, INC.,
as Broadcast Licensee of the April 8, 2006
Mayweather/Judah Program,

                Plaintiff,

                                          **OPINION & ORDER**
    -against-                             **CV-06-3385 (SJF)(CLP)**

OSI ISAACS, individually and doing business as
Natural Creations, and NATURAL CREATIONS-
JULIAN CLARKE,

                Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

On July 10, 2006, plaintiff J&J Sports Productions, Inc. (plaintiff) commenced this action against defendants Osi Isaacs and Natural Creations-Julian Clarke (collectively, "defendants") pursuant to the "Piracy Statutes" of the Federal Communications Act, 47 U.S.C. §§ 553 and 605 alleging, *inter alia*, that defendants unlawfully intercepted encrypted satellite signals for a fight for which plaintiff was granted the exclusive right to distribute in New York State, and willfully exhibited that program for the purpose of commercial advantage or private financial gain. Plaintiff now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment. Defendants have not opposed the motion. For the reasons set forth herein, plaintiff's motion is granted.

1

I. BACKGROUND

A. Factual Background[1]

In or before March 2006, plaintiff purchased the territorial rights to distribute the April 8, 2006 boxing welterweight bout between Floyd Mayweather Jr. and Zab Judah, and selected undercard bouts (the "Mayweather/Judah broadcast"), to commercial establishments in, *inter alia*, the State of New York. Thereafter, plaintiff marketed the sub-licensing of the Mayweather/Judah broadcast in New York for a fee. Plaintiff scrambles its cable signals for specific programming services and operates events on a pay-per-view basis.

At all relevant times, Natural Creations was a commercial business located at 3413 Church Avenue, Brooklyn, New York 11203, which was open for business on the evening of April 8, 2006. Natural Creations had the capability of receiving satellite and/or cable television broadcasts on April 8, 2006.

On April 8, 2006, at approximately 11:04 p.m., an auditor, Thomas Larkin, entered Natural Creations and observed the Mayweather/Judah broadcast being exhibited on two (2) flat screen television sets to twenty-five (25) patrons.

On April 8, 2006, Natural Creations knowingly and willfully intercepted and exhibited the broadcast of the Mayweather/Judah program and/or its undercard bouts without authorization from plaintiff or any other entity. Osi Isaacs had supervisory capacity and control over the

---

[1] The facts are derived from plaintiff's statement of material facts pursuant to Local Rule 56.1 and the accompanying declarations and other evidentiary material filed in support of plaintiff's motion for summary judgment, as well as from the Notice of Facts Deemed Admitted, which was filed with the Court on November 9, 2007. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the facts contained in plaintiff's Request for Admissions, to which defendants failed to respond, are deemed admitted and, thus, the facts are undisputed.

occurrences at Natural Creations on April 8, 2006 and received direct financial benefit from those occurrences.

II. DISCUSSION

A. Standard of Review

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted). "A fact is material when it might affect the outcome of the suit under governing law." Id. An issue of fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

It is "well settled that a failure to respond to a request to admit will permit the District

Court to enter summary judgment if the facts as admitted are dispositive." Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2d Cir. 1966); see also Joe Hand Promotions, Inc. v. Liriano, No. 06-CV-2940, 2007 WL 749681, at * 3 (E.D.N.Y. Feb. 15, 2007), report and recommendation adopted by 2007 WL 764499 (E.D.N.Y. Mar. 7, 2007) (accord). Since defendants did not answer plaintiff's Request to Admit, request additional time to submit a response, or move to withdraw or amend their admission, the facts in the Request to Admit are deemed to be conclusively established, see Fed. R. Civ. P. 36(a), and summary judgment is proper if the facts contained therein are dispositive. See, e.g. Sook Kim v. Goldstein, No. 04 Civ. 3755, 2007 WL 1649902, at * 2 (S.D.N.Y. June 6, 2007) (holding that because the plaintiffs neither answered the Request to Admit nor moved to withdraw or amend their admissions, the Court may treat the facts therein as conclusively established and, if those facts are dispositive, enter summary judgment).

B. The Federal Communications Act[2]

Since the facts contained in plaintiff's request for admission are deemed conclusively established, no genuine issue of material fact remains and, therefore, plaintiff is entitled to judgment as a matter of law.

---

[2] Although plaintiff claims that defendants are liable for damages under both Sections 553 and 605 of the Federal Communications Act, it may recover under only one of those two sections. See Time Warner Cable of New York City, a Div. of Time Warner Entertainment Co., L.P. v. Barnes, 13 F.Supp.2d 543, 548 (S.D.N.Y. 1998); Traffic Sports USA, Inc. v. Segura, No. 06 CV 3360, 2008 WL 4890164, at * 4 (E.D.N.Y. Nov. 12, 2008); American Cablevision of Queens v. McGinn, 817 F.Supp. 317, 319-320 (E.D.N.Y. 1993). Since defendants are liable under either section, plaintiff is entitled to have damages awarded under Section 605, which provides greater recovery than Section 553. See International Cablevision, Inc. v. Sykes, 997 F.2d 998, 1007 (2d Cir. 1993); Segura, 2008 WL 4890164, at * 4; J&J Sports Productions, Inc. v. German Restaurant & Lounge, Inc., No. CV-06-6525, 2008 WL 478427, at * 3 (E.D.N.Y. Feb. 19, 2008).

47 U.S.C. § 605(a) provides, in relevant part:

> "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person."

Section 605(a) applies to the interception of cable communications originating as a satellite or radio transmission, such as the Mayweather/Judah broadcast. See International Cablevision, Inc. v. Sykes, 75 F.3d 123 (2d Cir. 1995); Segura, 2008 WL 4890164, at * 4; see also Kingvision Pay-Per-View Ltd. v. Olivares, No. 02 Civ. 6588, 2004 WL 744226, at * 3 (S.D.N.Y. Apr. 5, 2004) (finding that the plaintiff's broadcast of the fight utilized orbiting satellites and was, thus, protected under Section 605(a) as radio communications).

The statements in plaintiff's request for admission establish, *inter alia*, that: (1) plaintiff did not authorize defendants to intercept and/or exhibit that Mayweather/Judah broadcast; (2) Natural Creations was a commercial establishment and knowingly and willingly intercepted and exhibited that Mayweather/Judah broadcast; and (3) defendants received a direct financial benefit from displaying the Mayweather/Judah broadcast. These admissions, coupled with the affidavit of the independent auditor confirming that defendants exhibited the Mayweather/Judah broadcast unlawfully in a commercial establishment, demonstrate that Natural Creations violated Section 605(a). See, e.g. Liriano, 2007 WL 749681, at * 3. Moreover, the additional admission that Isaacs had supervisory capacity over Natural Creations establishes Issacs's vicarious liability under Section 605(a) as well. See, e.g. Segura, 2008 WL 4890164, at * 9 (finding that the individual defendant was vicariously liable for the violation of Section 605(a) where the undisputed allegations indicate that he had the requisite control and financial interest); Olivares, 2004 WL 744226, at * 5 (holding that to establish vicarious liability, the plaintiff must show that

5

the individual defendant had the ability to supervise the infringing activities and had an obvious and direct financial interest in the exploitation of the copyright material).

A party aggrieved under Section 605(a) may recover either actual damages, 47 U.S.C. §§ 605(e)(3)(B) and (C)(i)(I), or statutory damages of not less than one thousand dollars ($1000.00) or more than ten thousand dollars ($10,000.00), "as the court considers just," for each violation thereof, 47 U.S.C. §§ 605(e)(3)(B) and (C)(i)(II). The determination of the amount of statutory damages to award a prevailing plaintiff is left with the discretion of the court. 47 U.S.C. § 605(e)(3)(C)(i)(II); Segura, 2008 WL 4890164, at * 5.

Plaintiff has elected to receive statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which are appropriate in this case. See, e.g. Olivares, 2004 WL 744226, at * 3 (holding that the defendants' unauthorized use of plaintiff's closed-circuit broadcasts caused damage to the plaintiff which was not readily measurable and, thus, statutory damages were appropriate). The showing of a broadcast or event on a single night has been interpreted as being one (1) violation of 605(a). See Segura, 2008 WL 4890164, at * 5; Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp., No. 06 CV 1878, 2007 WL 2891016, at * 3 (E.D.N.Y. Sept. 28, 2007). Accordingly, damages in this case will be based on one (1) violation of Section 605(a).

In calculating damages, I will follow the lead of those courts which have assessed damage awards based on the number of patrons in the commercial establishment during the broadcast. See, e.g. El Norteno Restaurant, 2007 WL 2891016, at * 4 (recommending an award of statutory damages based upon one hundred dollars [$100.00] per patron); Entertainment by J&J, Inc. v. Diaz, No. CV 2001-5215, 2006 WL 2934807, at * 4 (E.D.N.Y. Sept. 5, 2006) (same); Kingvision Pay-Per-View, Ltd. v. Tardes Calenas Restaurant, No. 04 CV 3624, 2005 WL 4850311, at * 5

(E.D.N.Y. Nov. 29, 2005)(same). The affidavit of the independent auditor establishes that there were twenty-five (25) patrons in Natural Creations at the time of the Mayweather/Judah broadcast, for which I will award plaintiff one hundred dollars ($100.00) per patron. See, e.g. Diaz, 2006 WL 2934807, at * 4 (recognizing that cases awarding statutory damages based upon fifty dollars [$50.00] per patron were filed more than ten [10] years ago and recommending an award based on one hundred dollars [$100.00] per patron instead); Kingvision Pay-Per-View, Ltd. v. Nunez, No. 05-CV-2931, 2007 WL 2815751, at * 5 (E.D.N.Y. Sept. 25, 2007) (suggesting that since the fifty dollar [$50.00] per patron formula had been in use for more than ten [10] years, one hundred dollars [$100.00] per patron was more appropriate). Accordingly, plaintiff is awarded statutory damages in the amount of two thousand five hundred dollars ($2,500.00), jointly and severally against defendants for their violation of Section 605(a).

Plaintiff also seeks enhanced statutory damages pursuant to Section 605(e)(3)(C)(ii). Pursuant to that Section, if the Court finds that the defendant's violation of 605(a) was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain ..." the Court may increase the award of damages up to one hundred thousand dollars ($100,000.00) for each violation. 47 U.S.C. § 605(e)(3)(C)(ii). Defendants' admissions establish that their interception and exhibition of the Mayweather/Judah broadcast was willful. See, e.g. Segura, 2008 WL 4890164, (finding that defendants acted willfully in intercepting the broadcast of a soccer match, since defendants must have utilized a wrongful means to allow exhibition of the event); German Restaurant, 2008 WL 478427, at * 4 (holding that defendants who intercept signals and broadcast programming without authorization in a place of business where certain events are shown to the public are generally held to have acted willfully and for

purposes of commercial advantage); Nunez, 2007 WL 2815751, at * 6 (accord); Olivares, 2004 WL 744226, at * 4 (finding that the defendants' interception, receipt and broadcast of the fight was obviously intentional and willful because, *inter alia*, they could not have obtained the transmission of the fight unless they had engaged in specific wrongful actions to intercept the broadcast). Accordingly, plaintiff is awarded an additional amount of seven thousand five hundred dollars ($7,500.00), equal to three (3) times the amount of damages awarded under Section 605(e)(3)(C)(i)(II), to penalize defendants for their willful acts. See, e.g. German Restaurant, 2008 WL 478427, at * 5 (recommended awarding enhanced damages in the amount of three [3] times the award of damages under Section 605(e)(3)(C)(i)(II)); Nunez, 2007 WL 2815751, at * 6 (same); Diaz, 2006 WL 2934807, at * 5 (same). Thus, the total statutory damages award is ten thousand dollars ($10,000.00).

In addition, the Court may award costs, including reasonably attorneys' fees, to the prevailing aggrieved party. 47 U.S.C. § 605(e)(3)(B)(iii). However, plaintiff has not submitted an affidavit indicating the amount of costs and attorney's fees incurred by it as a result of defendants' violation of 605(a), but has requested an opportunity to submit further documentation. Accordingly, plaintiff is directed to file an appropriate affidavit itemizing the amount of costs and attorney's fee it seeks to recover **within thirty (30) days**, or it will be deemed to have waived its request for such relief and judgment will be entered in the amount of the statutory damages award alone.

III. CONCLUSION

Plaintiff's motion for summary judgment is granted and plaintiff is awarded statutory

damages in the total amount of ten thousand dollars ($10,000), jointly and severally against defendants. Plaintiff may serve and file an appropriate affidavit itemizing the amount of costs and attorney's fees it seeks to recover within thirty (30) days from the date hereof, or it will be deemed to have waived its right to such relief and judgment will be entered in the amount of the statutory damages award alone.

SO ORDERED.

/s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 4, 2008
       Central Islip, New York

Copies to:

Lonstein Law Office, P.C.
1 Terrace Hill, Box 351
Ellenville, New York 12428
Attn:  Julie Cohen Lonstein, Esq.
         Nicholas Robert Cartagena, Esq.

Osi Isaacs, *pro se*
3413 Church Avenue
Brooklyn, New York 11203

Natural Creations
1451 east 102 Street
Brooklyn, New York 11236