UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

J&J SPORTS PRODUCTIONS, INC.,
as Broadcast Licensee of the April 8, 2006
Mayweather/Judah Program,

                Plaintiff,

-against-

OSI ISAACS, individually and doing business as
Natural Creations, and NATURAL CREATIONS-
JULIAN CLARKE,

                Defendants.
----------------------------------------X

**OPINION & ORDER**
**CV-06-3385 (SJF)(CLP)**

FEUERSTEIN, J.

On July 10, 2006, plaintiff J&J Sports Productions, Inc. (plaintiff) commenced this action against defendants Osi Isaacs and Natural Creations-Julian Clarke (collectively, "defendants") pursuant to the "Piracy Statutes" of the Federal Communications Act, 47 U.S.C. §§ 553 and 605 alleging, *inter alia*, that defendants unlawfully intercepted encrypted satellite signals for a fight for which plaintiff was granted the exclusive right to distribute in New York State, and willfully exhibited that program for the purpose of commercial advantage or private financial gain. By order dated December 4, 2008, I granted plaintiff's unopposed motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, awarded plaintiff statutory damages in the total amount of ten thousand dollars ($10,000.00), and directed plaintiff to file an affidavit itemizing the amount of costs and attorney's fees incurred by it as a result of defendants' violation of 605(a). Plaintiff filed an affidavit, with exhibits, in accordance with the December 4, 2008 order, indicating that it incurred costs in the total amount of seven hundred fifty dollars

1

($750.00) and attorney's fees in the total amount of two thousand three hundred twenty-one dollars ($2,321.00).

As the "prevailing aggrieved party," plaintiff is entitled to an award of costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). Thus, plaintiff is entitled to recover the amount of three hundred fifty dollar ($350.00) for filing fees, as well as the amount of four hundred dollars ($400.00) for service of process fees, which plaintiff's counsel has substantiated with invoices. In addition, plaintiff's attorney has submitted a detailed affidavit indicating, for each attorney and paralegal that worked on this case, the date, the hours expended on each task, the nature of the services rendered and the hourly rate charged. See, New York State Association for Retarded Children, Inc. v. Casey, 711 F.2d 1136, 1154 (2d Cir. 1983). Plaintiff's request for hourly fees in the amount of seventy-five dollars ($75.00) for the work of a paralegal and two hundred dollars ($200.00) for the work of an attorney is reasonable. See, e.g. Community Television Systems, Inc. v. Caruso, 284 F.3d 430, 437 (2d Cir. 2002) (finding that the district court did not abuse its discretion in awarding attorney's fees in the amount of ninety dollars ($90.00) for the work of a junior paralegal and between two hundred forty dollars ($240.00) and two hundred seventy-five dollars ($275.00) for the work of an experienced attorney); Traffic Sports USA, Inc. v. Segura, No. 06 CV 3360, 2008 WL 4890164, at * 9 (E.D.N.Y. Nov. 12, 2008) (recommending an award of attorney's fees at an hourly billing rate of two hundred fifty dollars ($250.00)); Joe Hand Promotions, Inc. v. 143-08 94th Corp., No. 07-CV-2339, 2008 3243886, at * 5 (E.D.N.Y. Aug. 7, 2008) (finding that the hourly billing rate of two hundred dollars ($200.00) charged by the plaintiff's counsel was reasonable). Moreover, the time plaintiff's counsel reportedly expended on each task is not excessive, particularly since plaintiff's

counsel does not bill for more than one (1) hour on any task and that task encompassed the preparation of a motion for summary judgment. Accordingly, plaintiff is awarded the full amount sought for costs and attorney's fees in the amount of three thousand seventy-one dollars ($3,071.00). The clerk of the Court shall enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of ten thousand dollars ($10,000.00) for statutory damages and three thousand seventy-one dollars ($3,071.00) for costs and attorney's fees, and shall close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 8, 2009
       Central Islip, New York

Copies to:

Lonstein Law Office, P.C.
1 Terrace Hill, Box 351
Ellenville, New York 12428
Attn:  Julie Cohen Lonstein, Esq.
       Nicholas Robert Cartagena, Esq.

Osi Isaacs, *pro se*
3413 Church Avenue
Brooklyn, New York 11203

Natural Creations
1451 east 102 Street
Brooklyn, New York 11236